

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JESUS HUIDOBRO,

             Plaintiff,

- against –

PAUL LEE

             Defendant.
-----------------------------------------------------------

Index No.: 12 CIV 1972

COMPLAINT
(Jury Trial Demanded)

Plaintiff, through his attorneys, complaining of Defendant, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216, that he is: (i) entitled to unpaid wages from Defendant for work for which he did not receive any pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2. Plaintiff further complains pursuant to Fed. R. Civ. P. 23, that he is entitled to back wages from Defendant for work for which he did not receive minimum wage pay, as required by New York Labor Law §§ 650 *et seq.*, including Part 142, § 142 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's office in this district and the events or omissions giving rise to the claims occurred in this District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff resides at 2085 Amsterdam Avenue, basement apartment, New York, New York.

7. Defendant PAUL LEE, is the owner and manager of the building at 2085 Amsterdam Avenue, with his office located at 40 West 38th Street, New York, New York.

## STATEMENT OF THE FACTS

8. Plaintiff has been the superintendent of the building located at 2085 Amsterdam Avenue since approximately 1999.

9. Since 1999 Plaintiff has had a work schedule of 7am until 12pm on weekdays, for a total of 25 hours per week.

10. Until on or about 2008, Plaintiff received monthly compensation in the amount of $400 for performing superintendent services in the building.

11. Starting on or about January 2008, Plaintiff stopped receiving any monetary compensation for his work.

12. Plaintiff's work was performed in the normal course of the Defendant's business as landlord and manager of 2085 Amsterdam Avenue and was integrated into the business of Defendant.

13. The work performed by Plaintiff required little skill and no capital investment.

14. Although Plaintiff worked 25 hours a week the Defendant willfully failed to pay Plaintiff any compensation in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

15. Upon information and belief, throughout all relevant time periods, and during the course of Plaintiff's employment, the Defendant maintained zero time records in violation of numerous Federal and New York State Labor Laws.

16. The hourly rate for Plaintiff's work is calculated to be $7.25. Plaintiff's hourly rate ($7.25) multiplied by his agreed upon daily hours (5) multiplied by the number of days worked per pay period (20) amounts to $725.00 per month.

17. Pursuant to New York State Labor Law, Article 2, § 21 (11) and Article 19, § 652, Plaintiff's apartment allowance is $325.00, leaving monthly unpaid wages amounting to $400.00 per month.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

18. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

19. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20. At all relevant times, Defendant employed Plaintiff within the meaning of FLSA.

21. Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

22. At all relevant times, Defendant had a policy and practice of refusing to pay for compensation to its employees for their hours worked.

3

23. As a result of Defendant's willful failure to compensate its employees, including Plaintiff, at a rate not less than minimum wage, Defendant has violated and continues to violate, the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

24. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid compensation, which amounts to $28,275.00 at a rate of $7.25 for 3900 hours for the past three years, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

25. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

26. At all relevant times, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

27. Defendant willfully violated Plaintiff's rights by failing to pay compensation at rates not less than minimum wage for each hour worked, in violation of the New York Labor Law and its regulations.

28. Defendant's New York Labor Law violations have caused Plaintiff, irreparable harm for which there is no adequate remedy at law.

29. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid compensation, which amounts to $14,800.00 at a rate of $7.25 for 3925 hours minus the apartment deduction, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

4

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(b) An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(c) An award of unpaid wages of $28,275.00, due under FLSA;

(d) An award of unpaid wages of $14,800.00 due under the New York Labor Law;

(e) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(f) An award of prejudgment and post judgment interest;

(g) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(h) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
March 15, 2012

Jason M. Baxter, Esq. (JB5995)
Attorney for Plaintiff
267 Fifth Avenue, Suite 810
New York, New York 10016
(212) 889-9811

CIVIL CASE NUMBER: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESUS HUIDOBRO,

        Plaintiff,

- against –

PAUL LEE

        Defendant.

---

## COMPLAINT

---

JASON M. BAXTER, ESQ. (JB5995)
Attorney for Plaintiff
267 Fifth Avenue, Suite 810
New York, New York 10016
(212) 889-9811